UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: BAD BEHAVIOR, LLC,<br><br>    Plaintiff-in-Limitation, | Case No.:  26-cv-1860-AGS-MSB<br><br>**ORDER GRANTING MOTIONS (ECF 4 & 6) AND:**<br>**(1) RESTRAINING ALL SUITS**<br>**(2) APPROVING STIPULATION FOR VALUE**<br>**(3) DIRECTING NOTICE** |

Plaintiff-in-limitation Bad Behavior, LLC, the owner of the motor vessel Bad Behavior,[1] seeks an order: (1) restraining all suits against it and its principals arising from a September 21, 2025 incident; (2) directing publication of notice; and (3) approving a preliminary stipulated value of $151,784.80 for the vessel Bad Behavior. (*See* ECF 4 & 6.) For the reasons below, those requests are granted.

According to the complaint, around "September 21, 2025," the Bad Behavior "and its crew were participating in the 2025 Beneteau Cup." (ECF 1, at 1.) During that "sailing competition," "the Vessel came into contact with another vessel that was also participating in the Race." (*Id.*) "Nine" people were on board "acting as active participants of the Race." (*Id.*) The Bad Behavior was "damaged," and plaintiff calculates the vessel's post-accident value at "$151,784.80." (*Id.*) Plaintiff believes that "at least two" of the individuals on board, as well as others on the other boat, "may have suffered personal injuries and property damage" because of the crash. (*Id.*) So, the boat's owners brought this admiralty-limitation action in this court.

Such an action is somewhat different from what is typically filed in federal court. The law "allows a vessel owner to limit liability for damage or injury, occasioned without

---

[1] The Bad Behavior is "a 2025 44' Beneteau First 44.7 bearing Primary Vessel No. 1254815 and Hull Identification No. BEYD5099A505, and her engines, tackle, appurtenances, etc." (ECF 1, at 1)

1

the owner's privity or knowledge, to the value of the vessel or the owner's interest in the vessel." *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 446 (2001); *see also* 46 U.S.C. § 30523(a)–(b). The rules for such a suit permit a vessel's owner to file a "complaint," which must "set forth the facts on the basis of which the right to limit liability is asserted," "the value of the vessel" after the incident in question, and the "voyage" during which the incident took place, along with any known claims arising from the voyage. Fed. R. Civ. P., Supp. R. F(2). From there, "all claims and proceedings against the owner or the owner's property with respect to the matter in question shall cease," Fed. R. Civ. P., Supp. R. F(3); "the court shall issue a notice to all persons asserting claims," *id*., Supp. R. F(4); and "the court, sitting without a jury, adjudicates the claims," *Lewis*, 531 U.S. at 448.

## A.    Enjoining Other Suits

After the filing of a sufficient admiralty-limitation complaint, the Court must "enjoin the further prosecution of any action or proceeding against the plaintiff or the plaintiff's property with respect to any claim subject to limitation in the action." Fed. R. Civ. P., Supp. R. F(3). Plaintiff's complaint complies with the requirements for an admiralty-limitation action regarding the September 21, 2025 incident involving Bad Behavior. Thus, all claimants[2] or potential claimants must file their claims, and any answers to the complaint, in this suit. They may not begin or continue any other action or proceeding with respect to that incident against Bad Behavior, LLC, or the vessel Bad Behavior.

## B.    Approving Stipulation of Value and Security

As a requirement of service, the plaintiff must "deposit with the court, for the benefit of claimants, a sum equal to the amount or value of the owner's interest in the vessel" plus "costs." Fed. R. Civ. P., Supp. R. F(1). Plaintiff asserts that, after the September 21, 2025 incident that damaged the vessel, "its fair market value, as determined by the difference of

---

[2] The term "claimants" refers to all individuals and entities claiming any injuries, deaths, losses, or damages against Bad Behavior, LLC, or the vessel Bad Behavior, that arise out of, result from, or in any way are connected with that September 21, 2025 incident.

2

the vessel purchase price and the cost of repairs made as a result of the Incident, was determined to be approximately $151,784.80." (ECF 1, at 3.) As security, plaintiff offers a "letter of undertaking" from its insurer that it will "serve as security for costs" within the admiralty and local rules, and "as security up to and not exceeding, the sum of ONE HUNDRED FIFTY-ONE THOUSAND SEVEN HUNDRED EIGHTY-FOUR DOLLARS AND EIGHTY CENTS ($151,784.80) – the value of the Vessel." (ECF 6, at 5.) "In lieu of a traditional form of security"—that is the cash value or the vessel itself—"courts have approved the use" of a "stipulation of value" when "presented together with a letter of undertaking" as "sufficient security." *In re Oceansound Invs.*, 705 F. Supp. 3d 1110, 1116 (S.D. Cal. 2023). So, the Court finds the stipulation and letter of undertaking here are sufficient security. "This ruling is without prejudice to the right of any claimant to demand that the security be increased and to any subsequent appraisal the Court might order." *Id.* (citing Fed. R. Civ. P., Supp. R. F(7)).

**C.    Notice**

Having successfully sailed through each of those procedural requirements, plaintiff-in-limitation is entitled to an order directing notice of the limitations action. *See* Fed. R. Civ. P., Supp. R. F(4). For all claims by any claimants, the Court sets a filing deadline of **May 22, 2026**. Beginning within 15 days of this order, plaintiff-in-limitation must "publish[]" notice that: (1) it "seeks limitation" and (2) all potential claimants must "file their respective claims with the clerk of court" by the May 22, 2026 filing deadline and must serve on plaintiff-in-limitation's attorneys "a copy thereof" by the same deadline. *See id.* Plaintiff-in-limitation must publish that notice in the San Diego Union-Tribune "once a week for four successive weeks prior to" May 22, 2026. *See id.* Finally, "not later than the day of the second publication," plaintiff must also "mail a copy of the notice to every person known to have made any claim against the vessel or the plaintiff arising out of the voyage or trip on which the claims sought to be limited arose." *Id.*

26-cv-1860-AGS-MSB

Dated:  April 2, 2026

Hon. Andrew G. Schopler
United States District Judge

4